IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY J.W. SHELTON,**           )<br>                                                               )<br>                    **Plaintiff,**      )<br>                                                               )<br>**vs.**                                                    )<br>                                                               )<br>**CITY OF MASCOUTAH, a municipal** )<br>**corporation, Police Officer SCOTT** )<br>**JOHNSON, Police Officer DAVID**  )<br>**LASICA, Police Officer ANTHONY** )<br>**WECK, and Police Officer**          )<br>**SGT. KATHY KELSHEIMER**          )<br>                                                               )<br>                    **Defendants.**   ) | **Case No. 07-cv-502-MJR** |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

On June 5, 2007, plaintiff filed a complaint against defendants in the Circuit Court of St. Clair County, Illinois, alleging civil rights violations and tortious conduct by defendants. The case was removed to federal court by defendants on July 11, 2007. On that date, defendants also filed a motion for a more definite statement, arguing that the complaint is confusing in that it contains repeated allegations in separate counts that appear unrelated to the count under which they appear.

Federal Rule of Civil Procedure 12(e) provides:

> If a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

However, the problem with plaintiff's complaint is not that it is too vague, but rather that ambiguity

is created by the extensive explanation and repetition of facts under each count. Therefore, the Court will consider instead whether to require plaintiff to submit an amended complaint.

The law of this Circuit provides that "a confusing pleading is not ordinarily a fatal defect," but to obtain clarification of a plaintiff's claims, the District Court can require a more definite statement. ***Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.,* 412 F.3d 745, 749 (7th Cir. 2005); *Hoskins v. Poelstra,* 320 F.3d 761, 764 (7th Cir. 2003).** In other words, "complaints just launch the case" and need not contain all the facts needed to prevail. Precision enables defendants to better frame responsive pleadings. ***See Hoskins*, 320 F.3d at 764.**

In the case at bar, the complaint is repetitive and confusing. Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks." Plaintiff need not present all of the factual background of the case but need only provide enough information to put the defendants on notice of what they are being sued over.

Additionally, Rule 10(b) requires that different claims be set out in separate counts. Here, plaintiff has used separately numbered counts for each of his claims, but he has included facts unrelated to the count under which they appear. This makes the counts long and confusing. For instance, Count IV is a claim for battery but includes allegations of constitutional violations, assault, false imprisonment, and other torts.

Each of plaintiff's eight counts should plead the elements and damages of that particular claim stated simply and plainly. In other words, plaintiff need not be so specific with respect to each allegation, and it is not necessary to repeat allegations that do not directly relate to the count at issue. While plaintiff's complaint may have been proper in state court, federal rules do

not require that the complaint include each and every fact related to a claim.  In fact, the Court would be extremely surprised if plaintiff's amended complaint exceeded 20 pages in length.

Accordingly, the Court **DENIES** defendants' July 11, 2007 motion (Doc. 5) insofar as it requests a more definite statement, and instead, **DIRECTS** Plaintiff Shelton to file a FIRST AMENDED COMPLAINT as described in this Order on or before **November 13, 2007.** Each count of the amended complaint should contain only the allegations related to that particular claim.  Each count can be short and simple and need not repeat facts already stated elsewhere in the complaint.

**IT IS SO ORDERED.**

**DATED this 17th day of October 2007.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**