# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY J.W. SHELTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-cv-502-MJR |
| | ) |
| CITY OF MASCOUTAH, a municipal corporation, Police Officer SCOTT JOHNSON, Police Officer DAVID LASICA, Police Officer ANTHONY WECK, and Police Officer SGT. KATHY KELSHEIMER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

On June 5, 2007, Shelton filed a complaint in the Circuit Court of St. Clair County, Illinois, alleging civil rights violations and tortious conduct by the Defendants (Doc. 2-2). Defendants removed the case to this District Court on July 11, 2007 (Doc. 2). On that date, Defendants also filed a motion for a more definite statement, arguing that the complaint is confusing and repetitive (Doc. 5). On October 17, 2007, the Court granted the motion in part and ordered Shelton to file an amended complaint by November 13, 2007 (Doc. 14).

On November 14, 2007, Shelton moved this Court for an extension of time to file his amended complaint (Doc. 19). The Court granted Shelton's motion and ordered that he file his amended complaint by February 5, 2008 (Doc. 21). The Court also stated that absent extraordinary circumstances, "no further extensions will be granted for filing of this amended complaint." Nonetheless, Shelton never filed an amended complaint.

On February 28, 2008, Defendants filed a motion to dismiss (Doc. 22), arguing that

1

Shelton has failed to prosecute this case because he has not filed an amended complaint as required by the Court's February 28, 2008 Order. Shelton's response was due on April 1, 2008, but no response was ever filed. Consequently, the Court granted the motion and dismissed the action without prejudice on April 8, 2008 (Doc. 25).

On May 8, 2008, Shelton moved to vacate or set aside the Court's dismissal Order (Doc. 26). On May 15, 2008, Shelton moved to amend his motion to vacate so as to include various exhibits to support his argument (See Doc. 28). Those exhibits were promptly delivered to the Court's proposed documents box. Additionally, Defendants submitted a response to Shelton's motion on May 13, 2008 (Doc. 26). Having considered the parties' filings, the Court hereby **DENIES** Shelton's motion.

The Court construes Shelton's motion as either a motion to alter/amend under **FEDERAL RULE OF CIVIL PROCEDURE 59(e)** or a motion for relief from judgment/order under **Rule 60(b)**. The Seventh Circuit has delineated a bright-line test to determine which Rule governs. If the motion was served within ten days of entry of the challenged judgment or order, then Rule 59(e) applies. On the other hand, if the motion was served more than ten days after entry of the challenged judgment or order, Rule 60(b) applies. ***See Britton v. Swift Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997); *Russell v. Delco Remy Division of General Motors Corp.*, 51 F.3d 746, 750 (7th Cir. 1995); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).** This Court follows Rule 6(a) in calculating the ten-day period (i.e., counting the ten days to exclude weekends and holidays).

Here, Shelton's motion seeking reconsideration was served more than ten days after the Court's April 8, 2008 Order dismissing the above-captioned action. Therefore, Rule 60(b) governs.

Rule 60(b) permits a district court to relieve a party from an Order on the following

2

narrow grounds: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason that justifies relief." A Rule 60(b) motion cannot be used to correct simple legal errors. "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" ***Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000).** The Seventh Circuit has emphasized that Rule 60(b) imposes an "exacting standard" under which the movant must demonstrate exceptional circumstances to prevail. *See Romo v. Gulf Stream Coach*, **250 F.3d 1119, 1121 n.3 (7th Cir. 2001).**

Shelton has failed to demonstrate exceptional circumstances that would provide the Court with justification to vacate its April 8, 2008 Order. Shelton explains that his lack of diligence was the result of his financial circumstances and an extended illness. In support of that position, he states that he was hospitalized for an illness for a short period in 2006, and again on April 21, 2008. These facts are irrelevant, however—the first hospitalization occurred prior to Shelton's filing this action, and the second occurred after the Court dismissed the case without prejudice. While Shelton claims that his illness has been ongoing since at least 2006, there is no indication that he was disabled to the point that he was unable to comply with the Court's orders or otherwise move for an extension of time to accommodate his condition.

Finally, Shelton vaguely asserts that he "had a legal disability during the period of time that he was to respond to the Court's order." In addition to the fact that he does not explain what the "legal disability" was, Shelton ignores the fact that **Local Rule 7.1(c)** explicitly provides that an adverse party shall file a response to a motion to dismiss within 30 days. Shelton also fails to explain why he repeatedly failed to file an amended complaint within the deadlines provided by the Court.

In short, Shelton provides no basis under Rule 60(b) by which this Court may vacate

3

its April 8, 2008 Order dismissing the case. Accordingly, the Court **DENIES** Shelton's motion to vacate (Doc. 26) and **DENIES AS MOOT** Shelton's motion to amend (Doc. 28), Shelton's motion for clarification (Doc. 29), and Shelton's motion for appointment of counsel (Doc. 30).

**IT IS SO ORDERED.**

**DATED this 21st day of May 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**